IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. DUNMORE, ) | |
| No. R64188, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-01341-MJR |
| ) | |
| MIKE ATCHISON, ) | |
| RICHARD HARRINGTON, ) | |
| KIMBERLY BUTLER, ) | |
| NIKKI M. MALLEY, ) | |
| DR. JOHN SHEPHERD, ) | |
| DR. SAM NWAOBASI, ) | |
| DR. FE FUENTE, ) | |
| OFFICER QUAN, ) | |
| UNKNOWN PARTY, ) | |
| *Transfer Bus Officers,* and ) | |
| JAMES BROWN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff James E. Dunmore, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement while Plaintiff was housed at Menard Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff Dunmore is 74 years old and confined to a wheelchair. Between November 18, 2011, and August 3, 2012, Plaintiff was in cell 316 in the Menard Health Care Unit, along with three other inmates. Cell 316 had no sink, toilet or running water; instead, Plaintiff was given a portable urinal. Although guards were supposed to check on Plaintiff every hour to see if he needed to use a toilet, or to empty the urinal container, most often they failed to come by the cell. As a result, Plaintiff was forced to urinate and defecate upon himself—he also attributes pain to the denial of timely access to a restroom.

The complaint specifies that Officer Quan in particular would refuse Plaintiff's requests for assistance, instead "saying nasty things" and being "unprofessional." Defendant Quan also purportedly told Plaintiff to "stop whining," and threatened that things could be worse.

According to the complaint, Plaintiff personally spoke to Warden Atchison, Assistant Warden Harrington, Assistant Warden Butler, Health Care Administrator Malley, Medical Director Shepherd, Dr. Nwaobasi, Dr. Fuente, and Major Brown when they each made rounds at one point or another during the time Plaintiff was in cell 316.  None of these defendants took any action to aid Plaintiff.  All of the named defendants are implicated, except for the unknown transfer bus operators, who are listed in the caption of the complaint, but not otherwise mentioned in the complaint.

Plaintiff contends that the Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment.  It is also alleged that, because cell 316 is not handicap accessible, the defendant prison officials have violated the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq*.  Furthermore, Plaintiff contends that Warden Atchison's failure to respond to his emergency grievance denied Plaintiff due process, in violation of the Fourteenth Amendment.  Plaintiff seeks declaratory judgment, as well as monetary and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **All Defendants subjected Plaintiff to cruel and unusual punishment by keeping him in a cell for over eight months without access to a toilet or other reliable means for urination and defecation in a sanitary and humane manner, in violation of the Eighth Amendment;**
>
> **Count 2:** **All Defendants subjected Plaintiff to cruel and unusual punishment by keeping him in a cell for over eight months without access to a toilet or other reliable means for urination and defecation in a sanitary and humane manner,**

>   in violation of the American with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e; and
>
> **Count 3:**   Warden Atchison denied Plaintiff due process when he failed to respond to Plaintiff's emergency grievance, in violation of the Fourteenth Amendment.

## Discussion

**Unknown Transfer Bus Operators**

As a preliminary matter, the Unknown Transfer Bus Operators listed in the caption of the complaint will be dismissed without prejudice, as there are no allegations within the body of the complaint regarding the Transfer Bus Operators. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). An Eighth Amendment violation is gauged by evolving standards of decency. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Count 1 presents a colorable Eighth Amendment claim and shall proceed against all Defendants (except Unknown Transfer Bus Officers, who have been dismissed).

**Count 2**

The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq.*, prohibits discrimination against qualified individuals based on their physical or mental disability (including a failure to accommodate a disability), as does the Rehabilitation Act, 29 U.S.C. §§ 794-94e. Out of an overabundance of caution, the Court has *sua sponte* construed

Count 2 as including identical claims under the ADA and the Rehabilitation Act.  *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (adding a Rehabilitation Act claim to a *pro se* pleading is appropriate based on the factual claims, even though the legal theory had not been pleaded) ; *see also Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012).

Individual employees of the Illinois Department of Corrections cannot be sued under the ADA or Rehabilitation Act.  *Jaros*, 684 F.3d at 670.  The proper defendant to such claims is the relevant state department or agency.  *See* 2 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity).  Consequently, the Court will *sua sponte* alter the caption accordingly, adding the Illinois Department of Corrections as a defendant.  At this point, the Court will not express an opinion regarding what remedies are available to Plaintiff under the ADA or Rehabilitation Act.

Count 2 states viable ADA and Rehabilitation Act claims and shall proceed against the Illinois Department of Corrections, which shall be added as a defendant.  All other defendants are dismissed from Count 2 with prejudice.

**Count 3**

Count 3 alleges that Warden Atchison denied Plaintiff due process when Atchison failed to respond to Plaintiff's emergency grievance regarding cell 316, in violation of the Fourteenth Amendment.  The Constitution also does not require prisons to have administrative systems for the redress of grievances. *See Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008).  Merely ruling against a prisoner's grievance does not cause or contribute to the underlying constitutional violation.  *See*

*George v. Smith*, 506 F.3d 605, 609-10 (7th Cir. 2007). Consequently, Count 3 will be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the **UNKNOWN TRANSFER BUS OPERATORS** listed in the caption of the complaint are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the **ILLINOIS DEPARTMENT OF CORRECTIONS** is added as a defendant, solely with respect to Count 2, Plaintiff's claims under the ADA and Rehabilitation Act. All other Defendants are **DISMISSED** from Count 2 with prejudice. The Clerk of Court is **DIRECTED** to have the docket reflect that the **ILLINOIS DEPARTMENT OF CORRECTIONS** is a defendant.

**IT IS FURTHER ORDERED** that **COUNT 3**, the due process claim against Defendant Mike Atchison, is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** shall otherwise **PROCEED**. The Clerk of Court shall have the record reflect the proper spelling of **DR. SAM NWAOBASI**.

The Clerk of Court shall prepare for Defendants **MIKE ATCHISON**, **RICHARD HARRINGTON, KIMBERLY BUTLER, NIKKI M. MALLEY, DR. JOHN SHEPHERD, DR. SAM NWAOBASI, DR. FE FUENTE, OFFICER QUAN, JAMES BROWN**, and the **ILLINOIS DEPARTMENT OF CORRECTIONS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

The service address for the newly added **ILLINOIS DEPARTMENT OF CORRECTIONS** is: 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for

disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 22, 2014**

s/ *Michael J. Reagan*  
**MICHAEL J. REAGAN**  
**UNITED STATES DISTRICT JUDGE**